IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 21, 2020

## BRIANNA DANIELLE KING v. AARON JEFFERSON DAILY

**Appeal from the Circuit Court for Rutherford County**
No. 70778    Darrell Scarlett, Judge

_____

### No. M2019-02203-COA-R3-CV

_____

The mother has filed a notice of appeal from an order granting the father's motion to continue the trial. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT, JR., P.J., M.S., RICHARD H. DINKINS, AND W. NEAL MCBRAYER, JJ.

Brianna Danielle King, LaVergne, Tennessee, pro se.

Erin Monet King, Franklin, Tennessee, for the appellee, Aaron Jefferson Daily.

### MEMORANDUM OPINION[1]

The appellant, Brianna Danielle King, has filed a notice of appeal from an order entered on November 14, 2019, continuing the trial and awarding the appellee, Aaron Jefferson Daily, attorney's fees based on Ms. King's failure to appear at a deposition. Mr. Daily has filed a motion to dismiss the appeal for lack of a final judgment. Ms. King has not filed a response in opposition to the motion to dismiss.

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

Here, the order appealed grants Mr. Daily's motion to continue the trial and awards Mr. Daily attorney's fees based on Ms. King's failure to appear at her deposition. The order specifically reserves judgment on all other matters. The order does not resolve all of the claims between the parties and is not a final judgment. Moreover, Ms. King has not filed a response disputing the lack of a final judgment or otherwise contesting the dismissal of her appeal.

Mr. Daily's motion to dismiss also includes a request for attorney's fees related to the appeal. We find the issue of attorney's fees should be addressed to the trial court.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Brianna Danielle King.


PER CURIAM